BEER, Judge.
This suit for personal injuries and property damage arises from a March 8, 1977 automobile collision between vehicles driven by plaintiff-appellant, Charles Bridges, and Barbara Truxillo. Bridges was executing a right turn from Agriculture Street to Republic Street. Truxillo had stopped several feet past the stop sign on Republic Street. As Bridges turned, the collision occurred.
Jury trial resulted in a verdict in favor of Karen Bridges, a guest passenger in her husband’s car, but the jury dismissed the claim of Charles Bridges in his own behalf. On appeal, Mr. and Mrs. Bridges allege improper jury instructions, incorrectness of the apparent jury finding of contributory negligence on the part of Charles Bridges, prejudicial comments by the trial judge, and insufficient quantum of the award.
There was a timely objection to the jury instructions on the ground that the court had failed to specifically instruct the jury concerning an alternative to the standard instruction' regarding the alleged contributory negligence of the driver, Bridges. However, the instructions, when considered as a whole, clearly provide that Charles Bridges should recover unless proven to have been contributorily negligent, with such contributory negligence being a proximate cause of the accident. Furthermore, the record fully supports the jury verdict.
Charles Bridges testified that the collision occurred in the middle of the intersection and claimed that Truxillo’s car was still moving. He first saw the other car as they collided though there was nothing blocking his view.
While it is apparent that Bridges had the right of way, the fact that he did not see the other vehicle, with nothing to block his vision, until the cars collided can support the jury’s finding that Bridges was contributorily negligent.
Though several remarks by the trial judge are now claimed to be prejudicial by able counsel for appellant, no objections were timely made thereto, and, thus, no proper basis for our consideration here exists. Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir. 1972).
The record supports the finding that Mrs. Bridges suffered a cervical sprain. Appellant disputes the correctness of the *349 $2,000 award and believes it should be increased to $3,500. We find this contention wholly without merit.
The judgment is affirmed, at appellants’ cost.

AFFIRMED.